# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2025

Lyle W. Cayce
Clerk

No. 24-50126
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jameel Alexander Brown,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-193-1

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jameel Alexander Brown was sentenced to 52 months of imprisonment after pleading guilty to theft of mail, in violation of 18 U.S.C. § 1708; and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he contends that the district court erred

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in denying his motion to suppress, arguing that the responding officer lacked reasonable suspicion of illegal activity.

When reviewing the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual determinations for clear error. *United States v. Alkheqani*, 78 F.4th 707, 715 (5th Cir. 2023). Whether an officer had reasonable suspicion for an investigatory stop is a question of law that is reviewed de novo. *United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022). The evidence is viewed in the light most favorable to the prevailing party—here, the Government. *See Alkheqani*, 78 F.4th at 715. The district court's ruling will be upheld "if there is any reasonable view of the evidence to support it." *Alvarez*, 40 F.4th at 344 (internal quotation marks and citation omitted). However, "where testimony conflicts with video evidence, our court must view the facts in the light depicted by the videotape." *United States v. Wright*, 57 F.4th 524, 530 (5th Cir. 2023) (internal quotation marks and citation omitted).

Brown argues that the responding officer lacked reasonable suspicion of illegal activity because the officer could not tell whether Brown met the suspect's physical description when the officer activated his patrol vehicle's overhead lights. The record reflects that a witness called 911 and reported that he observed a man breaking into residential mailboxes near his home, described the man's appearance, and noted that the perpetrator was driving a four-door sedan. Shortly after the crime was reported, the responding officer saw Brown, a man matching the witness's description, tampering with a block of mailboxes approximately two blocks away from where the witness had reported seeing the perpetrator. The officer also observed that a four-door sedan was parked nearby with its engine running. While Brown contends that the responding officer's testimony is contradicted by video evidence, the video does not conflict with the testimony. Because a reasonable view of the evidence supports the district court's finding that the

No. 24-50126

responding officer had reasonable suspicion to detain Brown, the district court did not err in denying the motion to suppress. *See Alkheqani*, 78 F.4th at 715.

AFFIRMED.